UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA              :
                                      :
v.                                    :          **ORDER**
                                      :
ANDRE WILLIAMS,                       :          23 CR 25 (VB)
                   Defendant.         :
-------------------------------------------------------------x

By notice of motion dated October 2, 2023, defendant Andre Williams moves to dismiss as unconstitutional Count Four of the indictment, which charges a violation of 18 U.S.C. §922(g)(1), the so-called felon-in-possession statute.  Williams relies on the Supreme Court's recent decision in N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022), and certain out-of-circuit and otherwise non-controlling court decisions purportedly calling into question the constitutionality of Section 922(g)(1).

The controlling authority here is the Second Circuit's decision in United States v. Bogle, 717 F.3d 281 (2d Cir. 2013), a case decided after the Supreme Court's decisions in District of Columbia v. Heller, 554 U.S. 570 (2008), and McDonald v. City of Chicago, 561 U.S. 742 (2010).[1]  In Bogle, the Second Circuit held that Section 922(g)(1) is constitutional, 717 F.3d at 282, and there is nothing in Bruen to undermine that conclusion.  Indeed, both Heller and McDonald reiterated that the Supreme Court's Second Amendment jurisprudence "does not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons," McDonald v. City of Chicago, 561 U.S. at 786 (quoting District of Columbia v. Heller, 554 U.S. at 626), and Bruen reaffirmed Heller and McDonald.[2]

Moreover, so far as the Court is aware, every district judge in this Circuit who has considered this issue post-Bruen has ruled that Section 922(g)(1) is constitutional.  E.g., United States v. Craft, 2023 WL 6215326 (S.D.N.Y. Sept. 25, 2023); United States v. White, 2023 WL 6066201 (S.D.N.Y. Sept. 18, 2023); United States v. Sternquist, 2023 WL 6066076 (E.D.N.Y. Sept. 15, 2023); United States v. Harrison, 2023 WL 4670957 (N.D.N.Y. July 20, 2023); United States v. Hampton, 2023 WL 3934546 (S.D.N.Y. June 9, 2023).

---

[1]     Inexplicably, Williams does not mention Bogle in his memorandum in support of the motion.

[2]     In addition, six justices in Bruen emphasized in concurring and dissenting opinions that Bruen did not upset Heller's and McDonald's reassurance that prohibitions on the possession of firearms by convicted felons remain constitutional.

1

Therefore, in the absence of controlling, or even persuasive, authority to the contrary, Section 922(g)(1) is not unconstitutional.[3]

Defendant's motion to dismiss Count Four is DENIED.

The Clerk is instructed to terminate the motion.  (Doc. #30).

Dated: October 3, 2023
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

---

[3]     Williams also argues, in cursory fashion, that Section 922(g)(1) is unconstitutional as applied to him, apparently because his predicate conviction, attempted murder under state law, predated his current arrest by more than 15 years, and because the firearm allegedly possessed here was found in a dresser drawer.  The Court is not persuaded.  First, the Court agrees with the Eighth Circuit that individual "as applied" challenges are foreclosed because Section 922(g)(1) is constitutional in all its applications.  See United States v. Jackson, 69 F.4th 495, 502 (8th Cir. 2023); accord, United States v. Sternquist, 2023 WL 6066076, at *5 (E.D.N.Y. Sept. 15, 2023). And a conviction for attempted murder, which is plainly a serious felony, certainly qualifies as a predicate offense under Section 922(g)(1).  Moreover, even if the Court were to consider an "as applied" challenge, Williams fails to explain why the temporal proximity (or lack thereof) of the predicate conviction, as well as the fact that the firearm was found in Williams's dresser drawer, somehow makes the statute unconstitutional as applied to him.